# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: October 15, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| BRIANNE MORGAN *and* | * | |
| WILLIAM MORGAN, | * | |
| *On Behalf of Their Minor Child, B.M.*, | * | |
| | * | |
| Petitioners, | * | No. 18-1324V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Andrew D. Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Mary E. Holmes,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On August 29, 2019, Brianne Morgan and William Morgan, on behalf of their minor child, B.M. ("petitioners"), filed a petition for compensation under the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioners allege that as a result of B.M. receiving the measles, mumps, and rubella ("MMR"), haemophilus influenzae type B (Hib), and varicella vaccines on October 30, 2017, B.M. suffered from periodic fever, aphthous stomatitis, pharyngitis, adenitis ("PFAPA") with secondary seizures. *Id.*

On October 15, 2024, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioners. Stipulation (ECF No. 75). Respondent denies that the MMR, Hib, or varicella vaccines caused B.M.'s injuries, including PFAPA and/or

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

seizure disorder or any residual effects. *Id.* at ¶ 6. Nevertheless, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum of $15,000.00, which amount represents compensation for past unreimburseable expenses, in the form of a check payable to petitioners;**

2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIANNE MORGAN and WILLIAM MORGAN, on behalf of their minor child, B.M., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-1324V <br> Special Master Gowen <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Brianne and William Morgan ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") on behalf of their minor child, B.M. The petition seeks compensation for injuries allegedly related to B.M's receipt of the vaccines: Measles, Mumps, and Rubella (MMR); Haemophilus influenzae type B (Hib); and Varicella, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. B.M. received the MMR, Hib, and Varicella vaccines on October 30, 2017.

3. The vaccines were administered within the United States.

4. Petitioners allege that B.M. suffered periodic fever, aphthous stomatitis, pharyngitis, adenitis ("PFAPA") with secondary seizures that were caused-in-fact, or significantly aggravated, by her October 30, 2017 vaccinations. Petitioners further allege that B.M. suffered the residual effects of the alleged injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on B.M.'s behalf as a result of the alleged injury.

6. Respondent denies that B.M.'s alleged PFAPA and/or seizure disorder, or any residual effects were either caused-in-fact, or significantly aggravated by the MMR, Hib, or Varicella vaccines; and denies that the MMR, Hib, or Varicella vaccines caused B.M. any other injury or B.M.'s current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $15,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners;
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.	A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.	Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of B.M., pursuant to which the Life Insurance Company will agree to make annuity payments to B.M. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a.  A certain lump sum payment of $50,000.00 on October 26, 2040, at age 24.

    b.  Beginning October 26, 2041, at age 25, $2,500.00 per month for 5 years certain.

    c.  A certain lump sum payment of $96,696.69 on October 26, 2046, at age 30.

The purchase price of the annuity described in this paragraph shall be sufficient to provide for the payments described in this paragraph. Should B.M. predecease payment of any of the certain annuity payments set forth above, said payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of B.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14.  Petitioners and petitioners' attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioners, in petitioners' individual capacities, and on behalf of their heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.M. resulting from, or alleged to have resulted from, the MMR, Hib, and/or Varicella vaccines administered on October 30, 2017, as alleged in a petition for vaccine compensation filed on or about August 29, 2018, in the United States Court of Federal Claims as petition No. 18-1324V.

18. If B.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR, Hib, and/or Varicella vaccines caused or significantly aggravated B.M.'s alleged injury or any other injury or B.M.'s current condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

Signed by: *Brianne Morgan*
BRIANNE MORGAN

Signed by: *William Morgan*
WILLIAM MORGAN

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
ANDREW DONALD DOWNING
Downing, Allison & Jorgenson
3030 N. Central Avenue, Suite 507
Phoenix, AZ 85012
Tel: (480) 701-0999
adowning@daj-law.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.10.02 14:45:53 -04'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: 10.15.2024

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
MARY E. HOLMES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-5022
Mary.E.Holmes@usdoj.gov