# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 14, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *    *
BRIANNE MORGAN and                    *
WILLIAM MORGAN,                       *
On Behalf of Their Minor Child, B.M., *
                                      *
        Petitioners,                  *        No. 18-1324V
                                      *
v.                                    *        Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
        Respondent.                   *
*  *  *  *  *  *  *  *  *  *  *  *    *
```

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioners.
*Mary Eileen Holmes*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 22, 2024, Brianne Morgan and William Morgan, on behalf of their minor child, B.M., ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 80). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$72,148.40.**

### I.        Procedural History

On August 29, 2019, Brianne Morgan and William Morgan, on behalf of their minor child, B.M. ("Petitioners"), filed a petition for compensation under the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioners alleged that as a result of B.M. receiving the measles,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

mumps, and rubella ("MMR"), haemophilus influenzae type B (Hib), and varicella vaccines on October 30, 2017, B.M. suffered from periodic fever, aphthous stomatitis, pharyngitis, adenitis ("PFAPA") with secondary seizures. *Id.* On October 15, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 76).

On October 22, 2024, Petitioners filed a motion for attorneys' fees and costs. Fees App. at 1. Petitioners request compensation in the total amount of $72,273.40, representing $53,742.50 in attorneys' fees and $18,530.90 in costs. *Id.* Pursuant to General Order No. 9, Petitioners warrant they did not personally incur any costs related to litigation of this matter. *Id.* at 11. Respondent reacted to the fees motion on October 25, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2, ECF No. 81. Regarding appropriate hourly rates for an attorney or expert, Respondent additionally "urges the Court to consider the practitioner's experience in the Vaccine Program, overall legal or medical experience, the quality of the work performed and whether that work was necessary (including the length of any filing), and the practitioner's reputation in the legal or expert community and community at large." *Id.* at 3. Respondent further states, "[t]o determine the appropriate attorney hourly rate, the Court should also identify whether the bulk of the work was performed in the District of Columbia or in the attorney's locale, and whether the Vaccine Program D.C. forum rate would result in overcompensation." *Id.*

Petitioners filed a supplement to their motion for attorneys' fees and costs (Supp.) because counsel had inadvertently omitted his invoice and supporting documentation for the requested costs from the original filing. Fees App. Supp. at 1. No additional responses were filed.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of Petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2022, which can be accessed online.

Petitioners request the following hourly rates for the work of his counsel: for Mr. Andrew Downing, $375.00 per hour for work performed in 2017, $385.00 for work performed from 2018 to 2021, $415.00 or $445.00 per hour for work performed in 2022, $445.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Ms. Courtney Jorgenson (also billing time as Courtney Van Cott), $205.00 per hour for work performed in 2018 and 2019, $275.00 for work performed in 2020 and 2021, $325.00 or $345.00 per hour for work performed in 2022 and 2023; and, for Ms. Ann Allison, $415.00 per hour for work performed in 2022 and 2023, and $435.00 per hour for work performed in 2024. Additionally, for paralegals, Petitioners request $135.00 for work performed from 2018 to 2021, $135.00 or $155.00 per hour for work performed in 2022, $155.00 per hour for work performed in 2023, and $175.00 per hour for work performed in 2024. The requested rates for 2020, 2021, 2023 and 2024 are consistent with what counsel have previously been awarded, and the undersigned finds them to be reasonable herein. However, the 2022 rates for Mr. Downing's, Ms. Jorgenson's, and the paralegals require adjustment, as they are inconsistent with rates that have been previously awarded. *See, e.g.*, *Gonzalez v. Sec'y of Health & Human Servs.*, No. 21-1859V, 2024 WL 2698531 (Fed. Cl. Spec. Mstr. Apr. 17, 2024) (awarding Mr. Downing a rate of $415.00 per hour, and Ms. Jorgenson a rate of $325.00 per hour for time billed in 2022); *Wakileh v. Sec'y of Health & Human Servs.*, No. 21-1136V, 2023 WL 9228198 (Fed. Cl. Spec. Mstr. Dec. 18, 2023) (awarding the paralegals a rate of $135.00 per hour for time billed in 2022). The rates requested for 2022 reflect an hourly increase of $30.00 for Mr. Downing, $20.00 for Ms. Jorgenson, and $20.00 per hour for the paralegals. The undersigned shall therefore reduce the requested 2022 rates for Mr. Downing and Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$125.00**.[3]

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent has not identified

---

[3] This amount consists of ($445 - $415 = $30 x 1.9 hrs = $57.00) + ($345 - $325 = $20 x 1.0 hrs = $20.00) + ($155 - $135 = $20 x 2.4 hrs = $48.00) = $125.00.

any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of $53,617.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $18,530.90, which includes expert fees, as well as acquiring medical records, postage, medical literature, postage, an expert consultation, and the Court's filing fee. Dr. Ravi Durvasula

Petitioners' internal medicine and infectious disease expert, Ravi V. Durvasula, MD, charged a total of $6,500.00, for 13 hours at $500.00 per hour. Fees App Ex. A at 31, 86. This rate is consistent with what Dr. Durvasula has been previously awarded, as is also reasonable herein. *See Fiorello v. Sec'y of Health & Human Servs.*, No. 17-1869V, 2024 WL 4133302, at *2 (Fed. Cl. Spec. Mstr. Aug. 12, 2024). Petitioner's neurophysiology expert, Steven H. Spillers, MD, charged a total of $10,904.00 for 21.82 hours (or 1,309 minutes) at $499.80 per hour (or $8.33 per minute). It appears that this is Dr. Spillers' first case in the Vaccine Program. Dr. Spillers' requested rate is consistent with what other neurologists and neurophysiology experts have been previously awarded, and I find the rate to be reasonable herein. S*ee, e.g.*, *Langley v. Sec'y of Health & Human Servs.*, No. 17-837V, 2023 WL 7221461, at *4 (Fed. Cl. Spec. Mstr. Sept. 7, 2023) (granting $500.00 per hour for the neurologist expert); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 19-729V, 2022 WL 16584904, at *6 (Fed. Cl. Spec. Mstr. Sept. 22, 2022) (granting $500.00 per hour for the neurophysiology and neuromuscular medicine expert).

The other costs incurred by Petitioners' counsel are typical costs in the Vaccine Program. Therefore, Petitioners are entitled to recover the full amount of their requested costs in the amount of $18,530.90.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioners' motion for attorneys' fees and costs and find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $53,742.50 |
| (Reduction of Fees) | ($125.00) |
| **Total Attorneys' Fees Awarded** | **$53,617.50** |
| | |
| Attorneys' Costs Requested | $18,530.90 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$18,530.90** |
| | |
| **Total Attorneys' Fees and Costs** | **$72,148.40** |

      **Accordingly, I award the following: a lump sum in the amount of $72,148.40, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

      **IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).